Dear Mr. Reeves:
We have been asked to reexamine our conclusion in Attorney General Opinion 97-346, wherein we determined that district judges, city judges, sheriffs, chiefs of police, and district attorneys are precluded from membership upon the commission governing the Central Louisiana Juvenile Detention Center Authority. We now determine that our conclusions in Opinion 97-346 arose out of an interpretation of the law that is unnecessarily restrictive.
Act 1445 of the 1997 Regular Legislative Session the legislature created the Central Louisiana Juvenile Detention Center Authority as a political subdivision of the state with a territorial jurisdiction throughout the parishes of Avoyelles, Catahoula, Concordia, Grant, LaSalle, Vernon, and Winn. The Authority is governed by a commission whose membership is appointed as follows:
§ 1105.1 Board of commissioners; appointment; terms
 A. The Central Louisiana Juvenile Detention Center Authority shall be governed by a commission which shall control, administer, and manage its affairs. The commission shall be composed of a board of seven commissioners. There shall be one commissioner appointed from each of the seven parishes within the territory of the authority and each shall be a qualified elector and domiciled in the parish for which he is appointed. They shall be appointed for terms of four years, as follows:
 (1) Two commissioners shall be appointed by the judges exercising juvenile jurisdiction within the participating parishes.
 (2) Two commissioners shall be appointed by the sheriffs of the participating parishes.
 (3) One commissioner shall be appointed by the chiefs of police of municipalities within the participating parishes.
 (4) Two commissioners shall be appointed by the district attorneys with jurisdiction in the participating parishes.
 B. The members of the board of commissioners shall serve without salary or per diem but the board may authorize a reasonable travel allowance for its members in the performance of their official duties.
Membership upon the board constitutes state appointive office for purposes of the Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61, et seq. The question addressed in Opinion 97-346 was whether district judges, city judges, sheriffs, chiefs of police, and district attorneys could hold their respective offices and also serve as a members of the commission governing the authority.
In Opinion 97-346 this office concluded that none of the foregoing individuals may serve on the commission as such was opined to be violative of the incompatibility provisions of LSA-R.S. 42:64(A)(1), providing in pertinent part:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and the prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. A board or commission so created may elect officers from its own membership, and if a joint commission of two parishes, except a joint commission that has as its function the operation and maintenance of a causeway and its related roadways, may also appoint a member of one of such parish's governing body to be its general superintendent. (Emphasis added).
We determined in Opinion 97-346 that all those officers mentioned in Act 1445 have the power to appoint the incumbent members of the positions and are thus themselves precluded from membership by virtue of LSA-R.S. 42:64(A)(1), quoted above.
We now determine that legislative intent is better served by an interpretation that would allow those different groups to cross-appoint (for example, the sheriffs could nominate the district attorneys to serve as commissioners). The incompatibility provisions of LSA-R.S. 42:64(A)(1) are applicable only insofar as they prohibit members of the same public office from submitting names drawn from within that group (i.e., sheriffs may not appoint sheriffs as commissioners.) Attorney General Opinion 97-346 is modified in this regard to reflect this interpretation.
Despite the foregoing, it is strongly recommended that legislative amendment be sought to remove the ambiguity concerning this matter.
Should you have further questions regarding this or any other matter, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
RPI:ams
Date Received: Date Released: February 12, 1998
RICHARD P. IEYOUB ATTORNEY GENERAL